# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RICHARD ANDREW JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV412-303 |
| | ) | |
| DENISE O'NEAL, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Richard Andrew Jones, a Liberty County Jail inmate, petitions this Court for habeas relief and moves for leave to file it in *forma pauperis* (IFP). Docs. 1 & 2. Actually, he filed a 42 U.S.C. § 1983 complaint but in it states that "I would like to file habeas corpus," doc. 1 at 7, and seeks only habeas relief (release from custody). *Id.*

So, the Court **GRANTS** his IFP motion (doc. 2) and construes his complaint (doc. 1) for what it is -- a petition sounding under either 28 U.S.C. § 2254, *see e.g., Barnes v. Florida Dept. of Corr.*, 2012 WL 1991909 at * 1 (11th Cir. June 1, 2012) (addressing a state probation-revocation challenge under § 2254), or under 28 U.S.C. § 2241, *see, e.g., Feirick v. Hughes*, 2012 WL 5382720 at * 1 (M.D. Ala. Oct. 4, 2012) (addressing a

state probation-revocation challenge under § 2241); *see also Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004) (applying both § 2241 and § 2254 to state inmate seeking federal habeas relief in challenge to state-parole-violation result).[1] Jones alleges that he is being held by Liberty County (hence, the state) on some sort of probation revocation, so the Court has amended the above caption to jettison all of the "defendants" he named except Denise O'Neal. He identifies her as his probation officer, doc. 1 at 4, so the Court deems her his respondent-custodian.[2] *See Sutherland v. Rawl*, 2012 WL 831019 at * 1 n. 1 (S.D. Ga. Mar. 8, 2012) (naming parole officer as respondent-custodian); 28 U.S.C. § 2254 Rule 2(a) (requiring that custodian be named as the respondent).

Because Jones has failed to show that he has exhausted his state

---

[1] *See also Dill*, 371 F.3d at 1302–1303 ("'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. For that reason, even though Dill brought his petition seeking relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement if he is 'in custody pursuant to the judgment of a State court.' And he is.") (cite omitted).

[2] Hence, the Clerk is **DIRECTED** to recharacterize this action as a habeas case and amend the docket caption to conform to the above caption. All subsequent filings shall conform.

remedies, no "*Castro*" warning[3] is required since this case must be dismissed without prejudice to his right to a post-exhaustion renewed habeas filing. Dismissal is required because he

> "may yet receive relief from the court that revoked his probation, and he has an available state remedy that he has failed to pursue; he can submit an application for a writ of habeas corpus pursuant to O.C.G.A. § 9–14–42 *et seq.* to the state courts." *Plummer v. FNU Parsons*, 2010 WL 3362638 at * 3 (S.D. Ga. Jul. 29, 2010); *see also Herring v. Camon*, 2010 WL 5138860 at * 2 (S.D. Ga. Nov.15, 2010) (advising dismissal without prejudice to habeas petitioner's challenge to outcome of a probation revocation hearing; he failed to exhaust his state remedies, and under *Carroll v. Secretary, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009), there was no basis for challenging defects in state collateral proceedings), *adopted*, 2010 WL 5138844 (S.D. Ga. Dec. 10, 2010); *Jackson v. Brown*, 2010 WL 2104194 (M.D. Ga. Apr. 15, 2010); *Reese v. Lanier*, 2010 WL 149890 at * 1 (M.D. Ga. Jan. 13, 2010).

*Brinson v. Koon*, 2011 WL 1542080 at * 1 (S.D. Ga. Jan. 7, 2011); *see also Stewart v. Georgia Bd. of Pardons and Parole*, 2008 WL 4816677 at * 3 (N.D. Ga. Oct. 31, 2008), cited in *Grady v. Georgia Dept. of Correction*, 2010 WL 322881 at * 3 (S.D. Ga. Jan. 27, 2010); *Lee v. Cochran*, 2012 WL

---

[3] *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (court that wishes to recharacterize pro se litigant's pleading as first 28 U.S.C. § 2255 motion must (1) notify litigant of court's intent, (2) warn litigant that recharacterization means that subsequent § 2255 motion will be subject to restrictions on "second or successive" motions, and (3) give litigant opportunity to withdraw motion or to amend it to include all § 2255 claims). *Castro* applies to § 2254 petitions. *Smith v. Hobbs*, 2012 WL 5358976 at *1 (8th Cir. Oct. 31, 2012) (state prisoner was entitled to proper notice, warnings, and opportunity to withdraw his pleadings before his pro se § 1983 action challenging his sentence was recharacterized as habeas petition).

3779032 at * 4 (S.D. Ala. Aug. 8, 2012) (exhaustion-dismissal of § 2254 petition filed by Alabama convict re-incarcerated for failing to make restitution payments).[4]

Accordingly, Richard Andrew Jones' complaint, recharacterized as a federal habeas petition, should be **DISMISSED WITHOUT PREJUDICE** so that he may exhaust his available state remedies.

**SO REPORTED AND RECOMMENDED,** this 6th day of December, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] Jones complains that he's been locked up since May 15, 2012, and has "not been revocated or seen a judge since I've been here." Doc. 1 at 8. He seeks "due process." *Id.* Delay-based remedies exist in the state system, however. *See Humphrey v. Owens*, 289 Ga. 721, 722 (2011) (denying mandamus remedy to convict challenging supervised probation and reminding him that state habeas remedy was available).

4